MARIA C. RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
MARJORIE C. SOTO (SBN 313290)
mcsotogarcia@mwe.com
MADELINE HASSELL (SBN 347161)
mhassell@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3218
Telephone:  +1 310 277 4110
Facsimile:    +1 310 277 7390

Attorneys for Defendant
TARGET CORPORATION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JASON ANGELLO,<br><br>                Plaintiff,<br><br>        v.<br><br>TARGET CORPORATION a Minnesota Corporation, and DOES 1 through 20; Inclusive<br><br>                Defendants. | CASE NO.<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 1441 (a) AND (b)**<br><br>Complaint Filed: February 22, 2023<br>Removal Filed:   June 9, 2023 |

McDermott Will & Emery LLP
Attorneys At Law

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant TARGET CORPORATION ("Target"), by and through its attorneys of record, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), based on the grounds set forth below. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and the alleged amount in controversy exceeds $75,000 with respect to Plaintiff's potential awards. Removal is also proper because diversity exists between Plaintiff Jason Angello ("Plaintiff") and Target.

## I.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges six causes of action (1) Disability Discrimination in Violation of Government Code §12940(a); (2) Failure to Engage in the Interactive Process in Violation of Government Code § 12940(n); (3) Failure to Provide a Reasonable Accommodation in Violation of Government Code § 12940(m); (4) Retaliation in Violation of Government Code § 12940(h); (5) Failure to Prevent Discrimination and Harassment in Violation of Government Code § 12940(k); and (6) Wrongful Termination in Violation of Public Policy.

## II.    FACTUAL SUMMARY

On February 22, 2023, Plaintiff commenced this action in the Superior Court for San Bernardino County by filing the Complaint entitled *Jason Angello v. Target Corporation*, which was designated as case number CIVSB2305124 (the "Complaint"). Service of the Complaint on Target pursuant to Cal. Civ. Proc. Code § 415.30 was completed on May 10, 2023. A true and correct copy of the Complaint and Summons served on Target is attached hereto as **Exhibit A and Exhibit B**. For purposes of joinder, Target is not aware of any other defendant having been served with a copy of Plaintiff's Complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

- 1 -

Target hired Plaintiff on April 17, 2014, as an Inventory Control and Quality Assurance ("ICQA") Team Member[1] in Target's Global Supply Chain & Logistics ("GSCL") facility[2] in Rialto, California. (*See* Declaration of Adam Klarfeld ("Klarfeld Decl."), ¶ 5.) Target emphasizes the importance of each Team Member to the overall operation of the business, and accordingly provided Plaintiff with its Equal Employment Opportunity and Harassment-Free Workplace Policy at onboarding. Target's Harassment-Free Workplace Policy emphasizes the importance of fostering an environment in which all Team Members are treated with dignity and respect. If a Team Member is in violation of the Equal Employment Opportunity and Harassment-Free Workplace Policy, that Team Member is subject to corrective action, including termination.

Plaintiff alleges, among other things, that Target discriminated against him, failed to accommodate his undisclosed disability, and failed to engage in the interactive process. (Exhibit A, Complaint ("Compl."), ¶¶ 30, 41.) However, Plaintiff fails to allege that he initiated the interactive process, that he could perform his job responsibilities with a reasonable accommodation, that he requested a reasonable accommodation or even the nature of his undisclosed disability. In fact, on October 4, 2022, Target opened an investigation into allegations that Plaintiff had violated its anti-harassment policy. On October 14, 2022, Target terminated Plaintiff after concluding that Plaintiff indeed violated its Equal Employment Opportunity and Harassment-Free Workplace Policy.

## III.    BASIS FOR JURISDICTION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based on diversity jurisdiction. The diversity-of-citizenship requirement is satisfied because Plaintiff is a citizen of a state different from Target. While Target

[1] Target refers to its employees as "Team Members," consistent with Target's culture of collaboration and teamwork.

[2] Formerly known as Distribution Center.

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (**a**) AND (**b**)

McDermott Will & Emery LLP
Attorneys At Law

disputes the allegations of wrongdoing in the Complaint and disputes that Plaintiff is entitled to relief in any amount from Target, the amount in controversy requirement is satisfied because Plaintiff's Complaint seeks damages in excess of $75,000, exclusive of fees and costs. Thus, the state action is properly removed to this Court.

## IV.    THE PARTIES' DIVERSITY OF CITIZENSHIP

There is complete diversity of citizenship because the operative parties, Plaintiff and Target, are citizens of different states. Plaintiff is a citizen and resident of the State of California. (Compl., ¶ 1.) Target is now, and ever since this action commenced has been, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. (Klarfeld Decl., ¶¶ 3-4.) Accordingly, pursuant to 28 U.S.C. § 1332(c), Target is a citizen of Minnesota, not California. Any potential "Doe" defendants shall be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). In addition, there are no allegations in the Complaint with respect to the potential "Doe" defendants at all, such that no clue is given as to their identity or relationship to the claims. (Compl., ¶ 6.)

## V.    THE AMOUNT IN CONTROVERSY

Accepting Plaintiff's allegations as true only for purposes of this removal, the amount in controversy is **at least $1,008,690.20** – as discussed in more detail below. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co*., 116 F.3d 373, 376-77 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co*., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1147-48 (C.D. Cal. 2010). Defendant can establish the amount in controversy by relying either on the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*,

McDermott Will & Emery LLP
Attorneys At Law

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 (**a**) AND (**b**)

116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Id*. at 377. In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer,* 116 F.3d at 377.

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

Here, although Plaintiff does not pray for a specific dollar amount, the Complaint alleges claims for six (6) causes of action including: (1) Disability Discrimination in Violation of Government Code §12940(a); (2) Failure to Engage in the Interactive Process in Violation of Government Code § 12940(n); (3) Failure to Provide a Reasonable Accommodation in Violation of Government Code § 12940(m); (4) Retaliation in Violation of Government Code § 12940(h); (5) Failure to Prevent Retaliation and Discrimination in Violation of Government Code § 12940(k); and (6) Wrongful Termination in Violation of Public Policy. Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. *See Jackson v. American Bankers Ins. Co*., 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims).

McDermott Will & Emery LLP
Attorneys At Law

McDermott Will & Emery LLP
Attorneys At Law

**_First_**, **_Plaintiff's economic damages, as alleged, amount to at least $88,762.32_**. (Compl., ¶¶ 21, 32, 43, 56, 68, 81; Prayer for Relief ¶ 1.) Plaintiff also alleges that Target unlawfully terminated his employment on October 14, 2022. (Compl., ¶ 13.) A review of Target's records shows that, at the time of his termination, Plaintiff was earning $28.67 per hour. (Klarfeld Decl., ¶ 7.) Plaintiff worked approximately 36 hours a week. (Klarfeld Decl., ¶ 7.) His weekly earnings, therefore, amounted to approximately $1,032.12 a week ($28.67 x 36). As such, if trial were set a year from now (i.e., 86 weeks after the termination of his employment), Plaintiff's alleged lost wages alone would total more than $88,762.32.

**_Second_**, **_Plaintiff's punitive damages, as alleged, amount to at least $798,860.88_**. (Compl., ¶¶ 24, 35, 46, 71, 84; Prayer for Relief ¶ 5.) These damages are included when calculating the amount in controversy. _See Guglielmino v. McKee Foods Corp._, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.'"). As discussed above, the amount of economic damages at issue would be at least $98,624.80. Defendant anticipates that Plaintiff will likely argue in favor of a punitive damages award against Defendant that is several times that amount. In _State Farm Mutual Automobile Ins. Co. v. Campbell_, 538 U.S. 408, 425 (2003), the United States Supreme Court held that there is no bright-line ratio which a punitive damages award cannot exceed. The Court noted, that, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." _Id_. at 410. Accordingly, Plaintiff could receive an award of punitive damages as high as nine times the amount of compensatory damages, or $798,860.88 ($88,762.32 (economic damages) x 9).

**_Third_**, **_with respect to Plaintiff's emotional distress damages, as alleged, a jury could award at least $121,067_**. (Compl. ¶¶ 33, 44, 57, 69, 82; Prayer for Relief ¶ 1.) Claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds for diversity jurisdiction. _Brady v. Mercedes-Benz USA, Inc._, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys'

- 5 -

fees included in determining jurisdictional amount).

Plaintiffs regularly garner awards, which include damages for emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages, and punitive damages, that exceed $75,000 on claims of disability discrimination, retaliation, failure to provide reasonable accommodation, and failure to engage in the interactive process. *See e.g., Benart v. DA Defense Logistics HQ LLC*, JVR No. 2004090028 (Super. Ct. of San Bernardino, 2019) (awarding $1,401,150 for disability discrimination, failure to accommodate and retaliation claim); *Jensen v. The Home Depot; Home Depot USA Inc.*, JVR No. 2111100016 (Super. Ct. of Riverside, 2021) (awarding $3,967,135 for disability discrimination, failure to provide a reasonable accommodation, failure to engage in the interactive process, wrongful termination and failure to mitigate claims); *Woods v. Greystar Management Services L.P.*, JVR No. 1907020005 (Super. Ct. of Los Angeles, 2019) (awarding $976,236 in damages and $600,000 as punitive damages for disability discrimination, failure to provide accommodations, failure to engage in the interactive process and failure to take reasonable steps to prevent discrimination); *Kibbe v. Tomdan Enterprises Inc.*, JVR No. 1909030006 (Super. Ct. of Los Angeles, 2019) (awarding $121,067 for disability discrimination, failure to provide accommodations and failure to engage in the interactive process). Target attaches as **Exhibit F** a copy of the above referenced jury verdicts.

Based on Plaintiff's claims and his prayer for relief, the amount in controversy based on Plaintiff's allegations is at least $1,008,690.20 and, for this reason, there is no question that the amount in controversy in this case well exceeds $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees, would exceed $75,000"). Thus, removal is appropriate and proper.

///

///

## VI.    <u>COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL</u>

This Notice is timely filed under 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of May 10, 2023, which is the completion date of service of the Complaint on Target. This case may be removed to this Court under 28 U.S.C. § 1441(a) because the Complaint was filed in the Superior Court of the State of California for the County of San Bernardino, which is within the Central District of California. Pursuant to 28 U.S.C. § 1446(a), Target attaches as **Exhibit A** a copy of the Complaint served on Target. Target attaches as **Exhibits B-E** all other documents filed in this case. No other process, pleading or order in the State Court's file has been served on Target up to the date of filing this Notice of Removal.

In accordance with 28 U.S.C. § 1446(d), Target will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiff, and a notice of filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

If any question arises as to the propriety of the removal of this action, Target respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

WHEREFORE, Target respectfully requests that these proceedings entitled *Gabriel Maldonado v. Target Corporation*., now pending in the Superior Court of the State of California in and for San Bernardino County, to be removed to this Court.

Respectfully submitted,

Dated: June 9, 2023                    **McDERMOTT WILL & EMERY LLP**

By:      */s/ Madeline Hassell*
MARIA C. RODRIGUEZ
MARJORIE C. SOTO
MADELINE HASSELL
Attorneys for Defendant,
TARGET CORPORATION

McDermott Will & Emery LLP
Attorneys At Law