JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANGELLO,<br><br>             Plaintiff,<br><br>      v.<br><br>TARGET CORPORATION, *et al.*,<br><br>             Defendants. | Case No. 5:23-cv-01097-FLA (DTBx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

**RULING**

On February 22, 2023, Plaintiff Jason Angello ("Plaintiff") filed the Complaint in this action in the San Bernardino County Superior Court, asserting claims against Defendant Target Corporation ("Target") for: (1) disability discrimination in violation Cal. Gov. Code § 12940(a); (2) failure to engage in interactive process in violation of Cal. Gov. Code § 12940(n); (3) failure to provide reasonable accommodation in violation of Cal. Gov. Code § 12940(m); (4) retaliation in violation of Cal. Gov. Code § 12940(h); (5) failure to prevent discrimination and harassment in violation of Cal. Gov. Code § 12940(k); and (6) wrongful termination.  Dkt. 8, Ex. A ("Compl.").[1]

On June 9, 2023, Target removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1 ("NOR").  On August 2, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy ("OSC").  Dkt. 12.  Both Plaintiff and Target filed responses to the OSC.  Dkt. 17 ("Target Resp."); Dkt. 19.[2]  Target also filed a supplemental response on January 5, 2024.  Dkt. 26 ("Target Suppl. Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Target fails to establish the court has subject matter jurisdiction and REMANDS the action to the San Bernardino County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

[2] Plaintiff argues in favor of remand.  *See generally* Dkt. 19.

record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As the removing party, Defendant bears the burden to establish the court's subject matter jurisdiction over this action. *See id.* at 567.

Target contends the amount in controversy exceeds the jurisdictional minimum of $75,000 based on Plaintiff's requests for lost wages, emotional distress damages, punitive damages, and attorney's fees. *See generally* Target Resp.

### A. Lost Wages

Target concedes Plaintiff's Complaint does not seek a specific amount of lost wages and instead "vaguely alleges 'losses in earnings and other benefits[.]'" Target Resp. at 8. Based on Plaintiff's hourly salary and total weekly hours worked, Target calculates Plaintiff's "total lost earnings up to the date of trial" to be $88,762.32. *Id.* at 9; Dkt. 1-1 ("Klarfeld Decl.") ¶¶ 6–7 (attesting Plaintiff was a "full-time Team Member who … work[ed] 36 hours per week," and earned $28.67 per hour).

3

Many courts in this district have declined to project future lost wages beyond the date of removal. *See Ramirez v. Builder Servs. Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project lost wages through the trial date in this action.

"[I]f the Court limits the calculation of lost wages to the time of removal," Target argues Plaintiff "would have lost wages of at least $35,092.08[.]" Target Resp. at 9. Based on the evidence submitted (*see* Klarfeld Decl. ¶¶ 6–7), the court accepts this calculation and considers only Plaintiff's claim for lost wages as of the date of removal ($35,092.08) in determining the amount in controversy.[3]

**B.     Emotional Distress**

To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146–47 (E.D. Cal. 2018). "While … jury

---

[3] In its supplemental response, Target claims Plaintiff's "discovery responses confirm that the dollar amount of his alleged damages is at least $129,618.02." Target Suppl. Resp. at 2. Plaintiff's interrogatory responses do not establish the amount in controversy as Plaintiff states he obtained new employment less than one month after his termination from Target, but does not account for or exclude mitigated damages in his damages calculation. Dkt. 26-1 at 14. Plaintiff also argues "there will be no offset of economic damages," because he "was not able to find a comparable position," but offers no basis for why his new position is inferior to his employment with Target. Plaintiff relies on *Villacorta v. Cemex Cement, Inc.*, 221 Cal. App. 4th 1425, 1432 (2013), to argue wages earned "from an inferior job may not be used to mitigate damages." In *Villacorta*, the court found "a jury could reasonably conclude the [new] job … was inferior" because it "was located two to three hours away from the home where his family resided," and required the plaintiff to rent a room "one hour away from" the office because there were no "closer rental[s]." *Id.* Accordingly, the plaintiff "was only able to see his family on weekends." *Id.* Here, Plaintiff states only that his weekly salary decreased by approximately $800. Dkt. 26-1 at 14. This is insufficient.

4

verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required to include emotional distress damages in the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is … insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Target asserts the court may consider Plaintiff's allegations that he was "psychologically injured" and experienced "great mental pain and suffering." Target Resp. at 10. Target identifies two cases in which juries awarded emotional distress damages, but does not present evidence of Plaintiff's damages or explain how the facts in those cases are similar to those pleaded in the Complaint. *Id.* at 11. It is insufficient to merely point to other "disability discrimination" cases in which "California juries, on analogous facts, rendered verdicts well in excess of the $75,000 threshold[.]" Target, thus, fails to establish any specific amount of emotional distress damages should be considered. *See Rybalnik*, 2012 WL 4739957, at *3.

**C. Punitive Damages**

"[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* Accordingly, a removing defendant must "articulate why the

*particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Target notes Plaintiff seeks punitive damages in the FAC, and that such damages may be included in assessing the amount in controversy. Target Resp. at 10. As with Plaintiff's request for emotional distress damages, however, Target does not explain why any particular facts pleaded might warrant punitive damages if proven or identify any comparable cases in which punitive damages were awarded based on similar facts as pleaded in the Complaint. *See id.* Target, thus, fails to carry its burden to show any specific amount of punitive damages is in controversy in this case. *See Ogden*, 644 F. Supp. 3d at 564.

### D. Attorney's Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.* Cal. Gov. Code § 12965(c)(6) allows the court, in its discretion, to award the prevailing party of a Fair Employment and Housing Act action reasonable attorney's fees and costs.

Target estimates Plaintiff's counsel may bill "$80,000.00 in attorneys' fees, not including preparation or any work conducted to date in this action." Target Resp. at 13. Target, however, fails to submit evidence or identify comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if he prevails here. The

mere fact that the court may exercise its discretion to award Plaintiff attorney's fees if he prevails is insufficient to demonstrate that such award is reasonably likely or should be included in the amount in controversy. Target, thus, fails to meet its burden to demonstrate that its estimate of Plaintiff's attorney's fees is not speculative, and the court will not include this estimate in its amount in controversy calculations.

## CONCLUSION

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332. The court, therefore, REMANDS the action to the San Bernardino County Superior Court, Case No. CIVSB2305124. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 12, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge